## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT HARRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1723 SRW |
| | ) | |
| LAURENT JAVOIS[1], | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Because it does not appear that petitioner is "in custody," the Court will require petitioner to show cause why the petition should not be summarily dismissed.

In order to obtain relief under § 2254, a petitioner must demonstrate that he is "in custody." The custody requirement is jurisdictional.  *E.g., Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam).

Petitioner, Herbert Harry, brings this action pursuant to 28 U.S.C. 2254 alleging that in 1986 he pled Not Guilty by Reason of Insanity (NGRI) to crimes of first degree tampering, second degree assault and third degree robbery. He claims that after he pled guilty, he was assigned to the Missouri Department of Mental Health. He claims that his counsel during his 1986 criminal proceedings was ineffective.

---

[1]The Clerk has placed Dale Glass as the respondent on the docket. However, petitioner has named Laurent Javois as the respondent in this action. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Petitioner, however, is not currently in custody as outlined above.

Petitioner is not confined in an institution[2], and he does not allege that his freedom is currently restrained by the state.  As a result, the Court does not appear to have jurisdiction over the petition. As such, the Court will order petitioner to show cause within twenty-one (21) days of the date of this Memorandum and Order why this action should not be dismissed for lack of jurisdiction.

Additionally, the Court will deny petitioner's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Petitioner has demonstrated, at this point, that he can adequately present his claims to the Court.  Additionally, neither the factual nor the legal issues in this case are complex.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause no later than twenty-one (21) days from the date of this Memorandum and Order, why this action should not be dismissed for lack of jurisdiction.

---

[2]Petitioner states that he is currently living at an apartment on Delmar Boulevard in St. Louis, Missouri.

2

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #2] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that the Clerk shall change the respondent's name to Laurent Javois.

Dated this 8th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3