**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| HERBERT HARRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1723 SRW |
| | ) | |
| LAURENT JAVOIS, | ) | |
| | ) | |
| Respondent. | ) | |

<u>**OPINION, MEMORANDUM AND ORDER**</u>

Before the Court is petitioner's response to the Court's Order to Show Cause[1]. On December 8, 2020, the Court Ordered petitioner to Show Cause as to why this action should not be dismissed for lack of jurisdiction because it did not appear that petitioner was "in custody" as required in order to obtain relief under 28 U.S.C. § 2254. After a review of the record the Court will require petitioner to amend his application for writ of habeas corpus on a Court form to set forth his claims for unconditional release.

**Background**

Petitioner, Herbert Harry, brings this action pursuant to 28 U.S.C. 2254 alleging that in 1986 he pled Not Guilty by Reason of Insanity (NGRI) to crimes of first degree tampering, second degree assault and third degree robbery. He claims that after he pled guilty, he was assigned to the Missouri Department of Mental Health. He alleges that his counsel during his 1986 criminal proceedings was ineffective.

---

[1] Petitioner's response is titled, "Cause Shown Appointment of Counsel." The Clerk has docketed this document as a motion for appointment of counsel.

Petitioner is not confined in an institution[2], and in his petitioner he does not allege that his freedom is currently restrained by the state. In order to obtain relief under § 2254, a petitioner must demonstrate that he is "in custody." The custody requirement is jurisdictional.  *E.g., Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). Thus, on December 8, 2020, the Court Ordered petitioner to Show Cause as to why this matter should not be dismissed for lack of jurisdiction.

On December 18, 2020, petitioner filed his response to the Order to Show Cause. In his response, petitioner asserts that he is on conditional release. He states that he "can't do a lot of things on conditional release." He states that he has to "pay gas, electric and rent at six hundred dollars every two weeks."

The Court presumes that petitioner is seeking unconditional release with the filing of his habeas action. However, he has not provided grounds for the seeking of unconditional release in his petition. Therefore, the Court will allow petitioner the ability to amend his petition on a Court form and set forth his grounds for unconditional release in his petition. Petitioner should take care to list all grounds for relief in his petition clearly, and he must outline how he has attempted to exhaust those grounds in state court prior to bringing his claims in this Court.[3] Petitioner's failure to exhaust his claims in state court prior to bringing his claims in this Court will result in a dismissal of this action, without prejudice.

Last, the Court will deny petitioner's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-

---

[2]Petitioner states that he is currently living at an apartment on Delmar Boulevard in St. Louis, Missouri.
[3]To satisfy the exhaustion requirement, a civil detainee must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the detainee must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Petitioner has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel [Doc. #6] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that petitioner shall amend his application for writ of habeas corpus on a Court form within twenty-one (21) days of the date of this Memorandum and Order to set forth his claims for unconditional release.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide petitioner with a Court form for filing a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Memorandum and Order this action will be subject to dismissal without prejudice.

Dated this 2<u>nd</u> day of February, 2021

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3