**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| HERBERT HARRY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1723 SRW |
| | ) | |
| LAURENT JAVOIS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Herbert Harry's petition writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the petition for failure to exhaust his state court remedies.

### Background

The following information is drawn from the instant petition, and from independent review of petitioner's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system.

Herbert Harry, brings this action pursuant to 28 U.S.C. 2254 alleging that in 1986 he pled Not Guilty by Reason of Insanity (NGRI) to crimes of first degree tampering, second degree assault and third degree robbery. He claims that after he pled guilty, he was assigned to the Missouri Department of Mental Health. He claims that his counsel during his 1986 criminal proceedings was ineffective.

On some unknown date, petitioner received conditional release from the Missouri Department of Mental Health.[1] Thus, the Court presumes that petitioner is seeking unconditional release from confinement at this time.

As grounds for unconditional release, petitioner asserts, "Petitioner states the constitution says I'm free. The 13th 14th Amendment? The Ku Klux Klan say I'm not. Missouri Supreme Court Rule 91." Petitioner also asserts that he has been subjected to an "Eighth Amendment Violation," without providing any factual assertions to back up his conclusory statement. Additionally, he claims that he has been subjected to "forty years of restraint."

## Discussion

Petitioner obviously seeks to challenge his current state custody level of conditional release pursuant to a civil commitment. However, the petition is subject to dismissal due to petitioner's failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here,

---

[1] Petitioner is currently living in an apartment on Delmar Boulevard in St. Louis, Missouri. In a motion for appointment of counsel, brought by petitioner on December 18, 2020, petitioner stated he was in confinement per conditional release. *See* Docket No. 6.

petitioner does not allege, nor does independent inquiry reveal, that he applied for release, much less that he appealed the denial of such an application to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus, as well as his amended application for writ of habeas corpus, [Doc. #1 and #8] are **DISMISSED** without prejudice for failing to exhaust his state court remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 5th day of March, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3